UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____

SO COOL EVENTS, INC.

Plaintiff,

vs.                                                                JURY TRIAL DEMANDED

ICEBAR ORLANDO, LLC,

Defendant.
_____/

# COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff SO COOL EVENTS, INC., through its undersigned counsel, sues Defendant ICEBAR ORLANDO, LLC, and avers as follows:

## NATURE OF ACTION

1. This action arises from the Defendant's unlawful use of the designation COOL EVENTS in the marketing and selling of special event planning and rentals for social entertainment purposes, including but not limited to, ice bar/ ice sculpture-related goods and services, in violation of Plaintiff's rights under the Lanham Act and Florida law.  Counts I and II seek relief for trademark infringement and unfair competition under the Lanham Act.  Count III seeks relief under the common law of unfair competition. Count IV seeks relief for Florida deceptive and unfair trade practices under Chapter 501 of the Florida Statutes.

2. Plaintiff SO COOL EVENTS, INC., is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Miami, Florida.

3. Plaintiff is informed and believes that Defendant ICEBAR ORLANDO, LLC is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Orlando, Florida.

4. Plaintiff is informed and believes that Defendant is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

5. Defendant markets and sells special event planning and rentals for social entertainment purposes, including but not limited to, ice bar/ice sculpture-related goods and services under the infringing COOL EVENTS designation throughout the state of Florida, including in this judicial district.  See Exhibit C, p. 4.

6. Exhibit A is a true and correct copy of a screenshot from Defendant's website wherein Defendant offers its special event planning and rentals for social entertainment purposes to the general public online.

## JURISDICTION

7. This Court has Jurisdiction over all Counts in this action for the following reasons:

8. Jurisdiction for the Lanham Act Counts is conferred upon this Court pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1121.

9. Jurisdiction over the Florida common law counts is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claims and to the state causes of action.  This Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1338 to hear the state law claims which are joined with the federal trademark infringement and unfair competition claims.

10. Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action averred herein.

## VENUE

11. Venue lies in this judicial district pursuant to 28 U.S.C § 1391 because:

   a. The claims arise in the Southern District of Florida under 28 U.S.C. §§ 1391(b)(2) and 1391(c); and

   b. Defendant is doing business in the Southern District of Florida by, among other things, selling its products and services as well as intentionally directing its marketing for its relevant products and services within this district.

## GENERAL ALLEGATIONS

12. Plaintiff is engaged in interstate commerce, specializing in the sale and marketing of special event planning and rentals for social entertainment purposes, throughout the United States. Plaintiff is informed and believes that the Defendant is engaged in the same business and competes with Plaintiff.

13. Plaintiff is the owner of the following United States Trademark Registration used in connection with "rental of dance floors; special event planning for social entertainment purposes" in international class 041 and "rental of furniture; rental of

tableware, silverware, dishes, and table accessories for special events" in international class 043.

| Registration No. | Mark | Fist Use Date | Registration Date |
|---|---|---|---|
| 4,424,488 | So·Cool events<br><br>SO · COOL EVENTS | 07/15/2004 | 10/29/2013 |

14. A copy United States Trademark Registration No. 4,424,488 is attached hereto as Exhibit B.  This registration is now valid, subsisting, uncancelled and unrevoked.

15. Plaintiff has spent considerable sums of money promoting their products and cultivating goodwill for its business and the goods and services bearing the SO · COOL EVENTS mark.

16. The Defendant has infringed Plaintiff's SO · COOL EVENTS mark through use of the counterfeit designation COOL EVENTS in the marketing and sale of special event planning and rentals for social entertainment purposes.  See Exhibit C.

17. Defendant's use of the designation COOL EVENTS constitutes use of a counterfeit mark pursuant to 15 U.S.C. § 1116(d), entitling the Plaintiff to statutory damages or treble damages or profits, whichever are greater; prejudgment interest; and attorneys' fees.

18. Plaintiff is informed and believes that Defendant's infringement of Plaintiff's SO · COOL EVENTS trademark registration through the use of the

confusingly similar COOL EVENTS designation was and continues to be done willfully and with knowledge of Plaintiff's prior rights.

19. Plaintiff is informed and believes that Defendant's wrongful use of the COOL EVENTS designation is willful and in bad faith.

20. Defendant's use of the COOL EVENTS designation is without Plaintiff's consent or permission.

21. Plaintiff continues to use the SO · COOL EVENTS mark in the marketing and selling of its relevant goods and services in commerce and has never abandoned it.

22. The SO · COOL EVENTS Registration is valid and subsisting.

23. Plaintiff's SO · COOL EVENTS mark is distinctive and has acquired secondary meaning.

COUNT ONE
INFRINGEMENT OF FEDERAL
<u>TRADEMARK REGISTRATION NO. 4,424,488</u>
(15 U.S.C. 1114)

24. Plaintiff reavers paragraphs 1 through 23 and further avers:

25. Plaintiff's trademark is entitled to protection under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26. Plaintiff is the owner of the United States Trademark Registration No. 4,424,488, registered October 29, 2013, for the mark SO · COOL EVENTS for "rental of dance floors; special event planning for social entertainment purposes" in international class 041 and "rental of furniture; rental of tableware, silverware, dishes,

and table accessories for special events" in international class 043, a copy of which is attached hereto as Exhibit B.

27. This registration is now valid, subsisting, uncancelled and unrevoked.

28. Continuously since on or about July 15, 2004, Plaintiff has used the SO · COOL EVENTS trademark in connection with and to identify Plaintiff's goods and/or services and to distinguish said goods and/or services from similar goods and/or services offered by other companies, by, and without limitation, prominently displaying said mark on its products and advertising and promotional materials distributed throughout the United States.  Plaintiff's goods and/or services sold under the SO · COOL EVENTS trademark are sold and transported in commerce nationwide, including the State of Florida.

29. Defendant has infringed Plaintiff's trademark rights through various acts, including the sale, offering for sale, promotion and advertising of goods and services under the confusingly similar and counterfeit designation COOL EVENTS for goods and/or services virtually identical to the type of goods and/or services offered by Plaintiff.

30. Defendant's use of the COOL EVENTS designation in connection with the marketing and selling of special event planning and rentals for social entertainment purposes is without permission or authority of the Plaintiff and is likely to cause confusion, to cause mistake or to deceive.

31. Defendant's use of the COOL EVENTS designation in connection with the marketing and selling of special event planning and rentals for social entertainment purposes, has been made notwithstanding Plaintiff's well-known and prior

established rights in the trademark SO · COOL EVENTS and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072.

32. Plaintiff is informed and believes that Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its federally registered SO · COOL EVENTS trademark.

COUNT TWO
UNFAIR COMPETITION and
<u>FALSE DESIGNATION OF ORIGIN UNDER</u>
(15 U.S.C. 1125(a))

33. Plaintiff reavers paragraphs 1 through 23 and further avers:

34. Plaintiff's SO · COOL EVENTS mark is entitled to protection under Section 43(a) of the Lanham Act.

35. Defendant's use and promotion of a confusingly similar mark to Plaintiff's mark to identify Defendant's products will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Plaintiff with Defendant, or as to the origin, sponsorship or approval by Plaintiff of Defendant's goods and services.

36. Defendant's use of the accused mark constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

37. Defendant's use of the designation COOL EVENTS is without Plaintiff's consent or permission.

38.     Plaintiff has been damaged by Defendant's use of the accused mark and will suffer irreparable harm.

## COUNT THREE
## FLORIDA UNFAIR COMPETITION – TRADEMARK INFRINGEMENT

39.     Plaintiff reavers paragraphs 1 through 23 and further avers:

40.     This is a common law unfair competition claim for damages and injunctive relief.

41.     Plaintiff is the prior user of the trademark at issue.

42.     Plaintiff's trademark is inherently distinctive or has acquired secondary meaning.

43.     Defendant is using a confusingly similar designation to identify similar goods and/or services marketed by them in competition with Plaintiff in the same trade area where Plaintiff has established good will.  See Exhibit C.

44.     As a result of Defendant's actions, customer confusion is likely as to the source or sponsorship of Defendant's goods.

## COUNT FOUR
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES
(Section 501.204, Florida Statutes)

45.     Plaintiff reavers paragraphs 1 through 23 and further avers:

46.     Since at least July 15, 2004, long prior to Defendant's use of the COOL EVENTS designation, Plaintiff has used the mark SO · COOL EVENTS in connection with the marketing and selling of special event planning and rentals for social

entertainment purposes, including but not limited to, ice bar/ice sculpture-related goods and services.

47. Plaintiff is informed and believes that Defendant had knowledge of Plaintiff's aforesaid use of the SO · COOL EVENTS trademark in connection with the marketing and selling of special event planning and rentals for social entertainment purposes, including but not limited to, ice bar/ice sculpture-related goods and services in the United States.

48. Defendant's use and promotion of a mark, which is confusingly similar to Plaintiff's mark, to identify Defendant's identical or substantially similar products and/or services, misleads and causes innocent consumers to mistakenly purchase Defendant's products and/or services supposing it is Plaintiff's products and/or services.

49. The Defendant's actions constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute § 501.204.

50. The Plaintiff has been damaged by the Defendant's unlawful actions.

WHEREFORE, Plaintiff seeks relief as follows:

A. In favor of Plaintiff and against Defendant on all of Plaintiff's claims;

B. Enjoining and restraining the Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with Defendant preliminarily and permanently from:

i. Using the COOL EVENTS designation, and/or any confusingly similar designation, alone or in combination with other words or designs, as a trademark, service mark, trade name component, title, or Internet domain name, or otherwise to market, advertise, or identify products and services;

ii. Using the COOL EVENTS, and/or any confusingly similar designation, on or in connection with any of Defendant's materials including product packaging, product labels, or Internet websites, or otherwise using the COOL EVENTS designation to market, advertise or identify products and services;

iii. Using the COOL EVENTS designation and/or any confusingly similar designation, as a metatag in an Internet website, or as visible or non-visible text on an Internet website;

iv. Doing any other act likely to induce the mistaken belief that Defendant or its products or commercial activities are in any way affiliated, connected, or associated with Plaintiff or its products or services;

v. Using a name or mark confusingly similar to Plaintiff's SO · COOL EVENTS Mark or otherwise infringing Plaintiff's mark;

vi. Unfairly competing with Plaintiff in any manner whatsoever;

vii. Falsely representing that Defendant is associated with or sponsored by Plaintiff or engaging in any act which is likely to cause the trade or purchasing public to believe that Defendant is in any way associated with or sponsored by Plaintiff;

    viii.    Causing likelihood of confusion and injury to Plaintiff's business reputation; and

    ix.    Committing any other act or making any other statement which infringes Plaintiff's trademark or constitutes an act of infringement, unfair competition, under federal law or the laws of the State of Florida;

C. That Defendant be required to account to Plaintiff for any profits derived by them and for damages sustained by Plaintiff by reason of the acts of trademark infringement, deceptive and unfair trade practices, and unfair competition complained of herein.

D. That judgment be entered against Defendant for:

    i.    Plaintiff's damages and Defendant's profits; statutory damages; or treble damages or profits, whichever are greater; prejudgment interest; and attorneys' fees pursuant to the Lanham Act for Defendant's willful infringement and counterfeiting of Plaintiff's mark; and

    ii.    That Defendant be required to pay to Plaintiff the costs of this action.

E. That this Court grant to Plaintiff any further relief deemed just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated October 21, 2014

                      **CHRISTOPHER J. VAN DAM, P.A.**
                      Counsel for the Plaintiff.
                      7855 NW 12th St., Suite 218
                      Miami, Florida  33134
                      Telephone No. (305) 446-5200
                      Facsimile No.  (888) 506-2833

By:  /s/ Rick Ruz, Esq.
    Rick Ruz, Esq.
    Florida Bar No. 42090